## MAHAGAN *v.* MEAD & a.

### WILLEY *v.* SAME.

A verbal promise by A to pay B one half the proceeds of a piece of land when he should sell it is not within the statute of frauds.

Judgments and awards bind only parties and privies.

BILLS IN EQUITY, for the removal of a cloud from the plaintiffs' title to their respective lots of land, &c. Facts found by the court. In 1866 the defendants, at the solicitation of one Quimby and his wife, advanced to them $250 with which to buy a tract of land called the Vail tract, upon a verbal agreement that the Quimbys would pay the defendants one half the proceeds of the land when they should sell it, above the purchase-money, interest, and taxes. Upon receiving the money the Quimbys gave the defendants their note for $250, and a mortgage of the tract to secure it. May 7, 1868, Mrs. Q., to whom the tract was conveyed when purchased, conveyed a portion of the same, lot A, to the defendants, in performance of an agreement between the Quimbys and the defendants that in consideration of such conveyance the defendants would

relinquish their claim to profits under the agreement of 1866. The plaintiffs are respectively the owners of other portions of the Vail tract, deriving their title from Mrs. Quimby through mesne conveyances. June, 1872, Mrs. Quimby, then administratrix of her husband's estate, agreed with the defendants in writing " to refer our account and note to J. B. Rand, of Concord, for adjustment, and his decision shall be final." Rand awarded that $100 should be applied on the $250 note on account of the above conveyance of lot A to the defendants; and having adjusted the accounts, awarded a general balance of $96.72 and interest due from the estate to the defendants. September 18, 1876, the defendants brought a writ of entry against Mrs. Quimby to foreclose their mortgage, and recovered conditional judgment at the October term, 1882, for $618.15 damages.

The defendants claimed that the record of the foreclosure suit is conclusive evidence of the amount due upon their mortgage, and excepted to the admission of all evidence introduced for the purpose of showing that a less sum, or nothing, was due upon the note.

Independent of the award, the court finds that the defendants agreed in the life of Mr. Quimby to apply upon their note the amount that might be found due from them to him upon an adjustment of their respective accounts, and that there was a balance of $81 due from the defendants to Quimby on account, April 1, 1871, which should be indorsed on the note.

*Bingham & Mitchell*, for Mahagan.

The $200 received by the defendants for lot A should be applied in liquidation of the mortgage debt, as of May 7, 1868. They have no legal or equitable right to withhold its application. They loaned $250, and took a note for it, and a mortgage to secure it. The pretended agreement, by which they were to receive a contingent profit or benefit beyond the sum loaned, and a legal rate of interest on it, is usurious and void, not merely voidable. *Browne* v. *Vredenburgh*, 43 N. Y. 195; *Thomas* v. *Murray*, 34 Barb. 157; *Sweet* v. *Spence*, 35 Barb. 44; *Cooper* v. *Tappan*, 9 Wis. 361. In *Browne* v. *Vredenburgh, Allen*, J., said,—" When a lender stipulates for a contingent benefit beyond the legal rate of interest, and has the right in any event to demand the repayment of the principal sum with the legal interest thereon, the contract is in violation of the statute prohibiting usury, and is void."

These defendants, the mortgagees, having themselves purchased part of the mortgaged premises, are obliged to apply its value, or the sum received for it, upon their mortgage debt. *Trimmier* v. *Vise*, 17 S. C. 499—*S. C.*, 43 Am. R. 624. If they had ever paid for it, they would have to reduce their debt such a proportion as the value of the parcel purchased bore to the value of the whole land, because the law will presume a purchase of the equity of

redemption only, so that the land would still be subject to the mortgage. *Trimmier* v. *Vise,, supra.*

The plaintiffs bought their respective lots, relying upon the title as shown by the registry; and to attempt to set up another and different state of facts is a fraud upon them which the law will not authorize and the court should not tolerate. The records show a conveyance of two hundred dollars' worth of the mortgaged property to the mortgagees, from which the law implies a *pro tanto* reduction of the mortgage debt; and by this legal inference the defendants, the mortgagees, must stand.

*Gould & Martin,* for Willey.

*S. C. Eastman,* for the defendants.

CARPENTER, J.   The Quimbys' agreement in consideration of the loan to pay the defendants one half the proceeds of the land when sold, above the purchase-money, interest, and taxes, was not within the statute of frauds, and was valid. *Graves* v. *Graves,* 45 N. H. 323. The evidence to establish it was properly received; it did not contradict or affect the contract shown by the note and mortgage. If the agreement was usurious, it was not void. G. L., c. 232, ss. 3 and 4. The release of the Quimbys from that agreement was a valuable consideration for their conveyance of lot A to the defendants, and for ought that appears may have been equal in value to their interest in the lot. After that deed the defendants held an unincumbered title in fee to lot A, and their mortgage upon the remainder of the Vail tract for the full sum of $250. The plaintiffs claim under Mrs. Quimby by subsequent deeds, and take the portions of the tract conveyed to them subject to the mortgage.

The title to the plaintiffs' lots passed from Mrs. Quimby long before the commencement of the defendants' suit against her. The plaintiffs were neither parties nor privies to that suit, and are not affected by the judgment. For the same reason they are not bound by the award, and as they are not, neither are the defendants in this proceeding, however it might be as between them and Mrs. Quimby, but for the judgment. If the defendants and Mrs. Quimby had agreed upon the amount due upon the mortgage, it would not affect the plaintiffs; they might nevertheless show that nothing was due upon it, and it would be as against them equally open to the defendants to prove that the whole was due. Such an agreement would be evidence against the defendants, but not conclusive. The result is, that $81 must be applied upon the mortgage note as of April 1, 1871, and that the remainder is due to the defendants.

*Case discharged.*

SMITH, J., did not sit: the others concurred.