PITMAN *v.* HODGE.

If two parties orally agree that one of them shall buy on joint account certain land in which the other has an option, shall pay for it with his own money and take a deed in his own name, that it shall not be sold for less than a certain sum, and that the profits after a sale shall be equally divided, the agreement for a division of the profits is valid, but the agreement not to sell for less than a certain sum is invalid under the statute of frauds; and if the one who has the title sells the land in good faith, and with due diligence to obtain the best price he can, he is not liable except for profits actually made.

BILL IN EQUITY, alleging that the plaintiff bargained for 900 acres of land in Jackson at the price of $2 per acre; that the plaintiff, not having the money to pay for the same, agreed with the defendant that he should advance the purchase-money and take deeds of the land in his own name; that the land was conveyed to the defendant October 25, 1884, he paying the purchase-money ($1,800); that it was agreed between the plaintiff and the defendant that either might find a purchaser for said tracts, that the tracts should not be sold or conveyed for a less sum than $3.50 per acre by either without the consent of the other, and that the profit accruing from the sale should be equally divided between them; that the defendant, in violation of said agreement, sold and conveyed said tracts April 16, 1887, and made, or ought to have made, a profit of $1,350. The plaintiff prays for an account of the profits, and for such further relief as may be just.

The defendant's answer denies substantially all the plaintiff's allegations, and avers that the whole agreement, so far as there was any, was oral and therefore void.

The plaintiff admits that his alleged agreement with the defendant was not in writing.

*Fred B. Osgood* and *John B. Nash*, for the plaintiff.

*E. A. & C. B. Hibbard*, for the defendant.

ALLEN, J.   The alleged agreement between the plaintiff and the defendant, that the land in question "should not be sold or conveyed for a less sum than $3.50 per acre by either without the consent of the other," if valid, would have limited the defendant's power of sale of the land and so narrowed his title.   As the agreement was not in writing, and there are no allegations of facts that might establish a .resulting or a constructive trust, it is invalid under the statute of frauds.   G. L., *c.* 135, *ss.* 12, 13.

The bill alleges that it was agreed by the parties "that the. profits accruing from the sale should be equally divided between them."   This was an agreement for the disposition of the proceeds of the sale, did not in any way interfere with the defendant's control and disposition of the land, and would be valid, though not in writing.   *Graves* v. *Graves*, 45 N. H. 323; *Mahagan* v. *Mead*, 63 N. H. 130.   There being no suggestion of bad faith on the part of the defendant, or of want of due diligence, or of his selling at less than the market value, the plaintiff can recover only one half the actual profits made, if any.

*Case discharged.*

SMITH, J., did not sit: the others concurred.